# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Lee Cook, Jr., | No. CV-15-00013-PHX-NVW (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Petitioner Donald Lee Cook has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## I. SUMMARY OF CONCLUSION

Petitioner's direct appeal concluded on September 3, 2013 and his conviction became final on October 8, 2013. The trial court dismissed Petitioner's PCR petition on August 13, 2013 and he did not submit a timely petition to the Arizona Court of Appeals. Petitioner's PCR review thus concluded on September 17, 2013, the deadline for a timely petition for review to the Arizona Court of Appeals. Because Petitioner's conviction was final on the later date of October 8, 2013, that is the date starting the one-year limitations period. Petitioner was required to file this Petition by October 8, 2014, but it was not mailed until December 9, 2014. Because there are no grounds for equitable tolling, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### a. Summary of Investigation of Petitioner's Crimes

In January 2005, Phoenix Police Detective Jason Milburn was notified by the National Center for Missing & Exploited Children ("NCMEC") of a complaint from Yahoo. (Doc. 21, Ex. A at 14-17.) Yahoo notified NCMEC that an account holder had uploaded child pornography, and forwarded NCEMC copies of the uploaded pictures. (*Id.* at 17-19.) Detective Milburn subpoenaed the records from Yahoo, and received the Internet Protocol ("IP") address linked to the uploaded child pornography, as well as information about when the images had been uploaded. (*Id.*) Yahoo also provided Detective Milburn with Petitioner's address in response to the subpoena. (*Id.* at 20.) Detective Milburn obtained a search warrant for Petitioner's residence. (*Id.*)

On February 9, 2005, Phoenix Police detectives and officers served the search warrant. (*Id.*) Petitioner was not at his apartment during the search. (*Id.* at 26.) Inside Petitioner's apartment, Detectives found computers, computer equipment, hard drives, and compact disks. (*Id.* at 22–24, 35, 83-84.) Detectives examined 10 to 15 hard drives and hundreds of compact disks. (*Id.* at 89.) Detectives later determined there were at least 5,000 sexually exploitive images of minors in Petitioner's possession. (*Id.* at 90.)

Detective Milburn discovered "a picture [on the wall] of a young female" who looked like "a young girl that I believed I recognized from my investigation." (*Id.* at 25.) Among the newly-found child pornography were several photographs and video files of Petitioner engaging in sexual conduct with the same child victim, who was later identified as Jaymee. (*Id.* at 85-86.) Several of the file names were labeled "Jaymee and Don or Jaymee and Me." (*Id* at 92.) Detectives later determined that Petitioner previously lived in a residence where the young girl and her parents resided. (*Id.* at 49-52, 59-60.) "The files contained images showing Appellant engaging in sexual conduct with a young girl ('the victim'). The victim's father testified that the girl shown on the video files was his daughter, and she was approximately ten years old at the time of the incident." *State*

*v. Cook*, No. 1 CA-CR 13-0054, 2013 WL 4734036, at *1 (Ariz. Ct. App. Sept. 3, 2013).[1] (*See also*, Doc. 21, Ex. A at 63.)

When Petitioner returned home that night, Detective Wilburn arrested him, read him his Miranda rights, and questioned him. (*Id.* at 26-29.) During questioning, Detective Wilburn showed Petitioner a "cropped" version of the original child pornography photo sent from Yahoo, which only showed the face of the child. (*Id.* at 29-30.) Petitioner admitted that he knew her and said "she's just like a really good family friend." (*Id.* at 30.) Petitioner admitted he placed Jaymee's photograph on his Yahoo page. (*Id.* at 32.)

Detective Guzman subsequently conducted a full forensic examination of Petitioner's computers and equipment over the next several months. (*Id.* at 88-101.) Detective Guzman found an image on CD's and a hard drive titled, "IMG11.JPG," which was the same image sent to law enforcement by NCMEC. (*Id.* at 96-97.) Two videos ("Video2.AVI" and "Video3.AVI") showed Petitioner's sexual conduct with Jaymee. (*Id.* at 97–107.) The title for the "Video3.AVI" file had been changed to "JaymeeAtNine Years Old" or "JaymeeNine-Year-Old Daughter." (*Id.* at 98.) Ultimately, the evidence found by Detective Guzman formed the bases for the criminal counts charged against Petitioner.

### b. Charges, Convictions, and Sentencing of Petitioner

Between February and August 2005, Petitioner was charged in Maricopa County Superior Court by three separate indictments stemming from the above facts. The first indictment alleged seven counts of sexual exploitation of a minor, class 2 felonies and dangerous crimes against children (CR 2005–032990). (Doc. 21, Ex. C.) The second indictment alleged one count of sexual exploitation of a minor (CR 2005–104441). (Doc. 21, Ex. D.) On September 5, 2006, the trial court granted the State's motion to consolidate the first and second cases for trial (CR 2005–032990 & CR 2005–104441,

---

[1] The facts as recited by the Arizona Court of Appeals are presumed true for purposes of this court's review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(e)(1).

respectively).  (Doc. 21, Ex. F.)  The third indictment alleged two counts of sexual conduct with a minor and molestation of a child, all class 2 felonies and dangerous crimes against children (CR 2005–033017).  (Doc. 21, Ex. E.)  The trial for the third indictment followed the consolidated trial.

In August 2006, and prior to both trials, Petitioner requested to represent himself. *State v. Cook*, No. 1 CA-CR 09-0801, 2011 WL 3211052, at *2 (Ariz. Ct. App. July 28, 2011). The request was granted, and advisory counsel was also appointed. (*Id.*)

On February 20, 2008, at the first trial, the jury convicted Petitioner of all eight counts (in total from both cause numbers).  (Doc. 21, Ex. G.)  These convictions are the subject of Petitioner's related Petition in 14-CV-02395-NVW (JZB).

On September 11, 2009, the trial court terminated Petitioner's self-representation due to delays in trial proceedings. The court "converted" advisory counsel to trial counsel. *Cook*, 2011 WL 3211052, at *3.

A second trial began in September, 2009.  *State v. Cook*, No. 1 CA-CR 09-0804, 2011 WL 4795374, at *1 (Ariz. Ct. App. Oct. 11, 2011).  Petitioner was found guilty in the second trial (third indictment) (CR2005–033017) of two counts of sexual conduct with a minor.  *Cook*, 2011 WL 4795374, at *1.[2]

On October 23, 2009, the trial court sentenced Petitioner for all three cases.  The consolidated trial had eight counts of sexual exploitation of a minor. Petitioner was sentenced to the presumptive term of 17 years for each count, all to run consecutively. (*Id.*)  As to the second trial, for two counts of sexual misconduct with a minor, Petitioner was sentenced to life without the possibility of parole until Petitioner served 35 years, to run consecutively to each other and consecutively to the sentences imposed from the first trial.  (*Id.*)

### c. Petitioner's Direct Appeal, Retrial, and Sentencing

On October 11, 2011, the Arizona Court of Appeals vacated Petitioner's sentences from the first trial.  *Cook*, 2011 WL 4795374, at *2. The court of appeals found that the

---

[2] The government previously dismissed the child molestation count. *Cook*, 2011 WL 3211052, at *1.

- 4 -

trial court erred in terminating [Petitioner's] self-representation before it sentenced him. (*Id.*) Because Petitioner represented himself during his first trial, the court of appeals affirmed those convictions. (*Id.*) On remand, the trial court again found that the presumptive sentences were "appropriate" for each of the crimes. *State v. Cook*, No. 1 CA-CR 12-0073, 2012 WL 3100553, at *1 (Ariz. Ct. App. July 31, 2012). The presumptive term was 17 years for each offense, to run consecutively to each count and consecutively to the sentences imposed in the other criminal cause number. (*Id.*)

The order terminating self-representation also preceded Petitioner's second trial on charges of sexual exploitation of a minor, which are the subject of the instant Petition. On July 28, 2011, in a separate opinion, these convictions and sentences were vacated and remanded for a new trial. *Cook*, 2011 WL 3211052, at *1. On December 12, 2012, retrial commenced. Petitioner was again convicted of these charges, and resentenced to consecutive terms of lifetime imprisonment without the possibility of parole for 35 years. *State v. Cook*, No. 1 CA-CR 03-0054, 2013 WL 4734036, at *1-2 (Ariz. Ct. App. Sept. 3, 2013). Petitioner was provided the form titled, "Notice of Rights of Review After Conviction and Procedure," which explained his rights to a direct appeal and to post-conviction relief in both matters. (Doc. 21, Ex. N.) These convictions are the subject of the instant Petition.

### d. Petitioner's Second Direct Appeal

On January 18, 2013, Petitioner appealed the retrial and sentences for the convictions of sexual misconduct with a minor. (Doc. 21, Ex. O.) Petitioner's counsel filed a brief with no arguable issues in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 451 P.2d 878 (Ariz. 1969). (Doc. 21, Ex. P.) On July 8, 2013, Petitioner's counsel filed Petitioner's supplemental *pro se* brief, alleging ineffective assistance of counsel and the state's failure to preserve exculpatory evidence. (Doc. 21, Ex. Q.) On September 3, 2013, the court of appeals affirmed Petitioner's convictions and sentences. (Doc. 21, Ex. R.) The court stated it "reviewed the entire record for reversible error and find none." (*Id.* at 7.) Petitioner had 35 days to properly file an appeal to the Arizona Supreme Court, but Petitioner did not file one. (Doc. 21, Ex.

- 5 -

S.) Petitioner's convictions and sentences became final on October 8, 2013.

### e. Petitioner's Post-Conviction Relief Proceedings

On January 26, 2012, before his retrial commenced, Petitioner filed a pro se PCR Notice. (Doc. 21, Ex. X.)[3] On February 6th, the trial court again appointed counsel for Petitioner, and set filing deadlines. (Doc. 21, Ex. Y.) On June 11, 2012, the trial court granted counsel's request to dismiss the PCR petition because the retrial was pending. (Doc. 21, Ex. AA.)[4]

On November 26, 2012, Petitioner's counsel filed a Notice of Completion of PCR Review, stating she had "corresponded with petitioner, conferred with former trial counsel, relatives of Petitioner and reviewed all relevant transcripts, record and appellate memorandum decision," and found no "colorable issue to submit to the court pursuant to Rule 32." (Doc. 21, Ex. FF.)

On December 17, 2012, while his retrial was underway in this case (CR2005–033017), Petitioner filed a *pro se* PCR petition, challenging all three criminal cases, and raising 68 issues without citations to law or the record. (Doc. 21, Ex. GG.) Petitioner filed another copy of the same PCR petition on December 24th. (Doc. 21, Ex. HH.) On March 15, 2013, the State responded to the petition, and argued the petition should be summarily dismissed because it lacked any argument, citation, or legal authority. (Doc. 21, Ex. II at 8.)

On August 13, 2013, the trial court dismissed Petitioner's PCR petition. (Doc. 21, Ex. JJ.) The court first found that Petitioner's PCR petition was timely with respect to the first trial (CR2005–104441 and CR2005–032990), but "premature" with respect to this

---

[3] Petitioner had filed a previous PCR that was dismissed because his counsel alleged Petitioner had three direct appeals pending before the court of appeals. (Doc. 21, Ex. V.) The trial court dismissed the previous PCR petition without prejudice. (Doc. 21, Ex. W.)

[4] Petitioner subsequently filed *pro se* motions for reconsideration, to stay the trial, and to supplement a Rule 32 petition. (Doc. 21 Exs, BB, CC.) Because Petitioner was represented by counsel, the trial court ruled that it could not "accept any pro se filings or communications from him," and noted that it could not "read the majority of the document." (Doc. 21, Ex. EE.) The court took "no action." (*Id.*)

- 6 -

case (CR 2005–033017) because his appeal was still pending. (*Id*. at 2.)[5] The court declined to address those arguments related to CR 2005–033017. The court dismissed the remaining counts as either precluded or not colorable. (*Id*.)

Petitioner had 35 days to file a petition for review to the Arizona Court of Appeals regarding the dismissal of his PCR petition. The petition was due on or before September 17, 2013,[6] however Petitioner did not file until October 16, 2013. (Doc. 21, Ex. LL.) Petitioner attached his PCR petition as an exhibit. (Doc. 21, Ex. KK.) Petitioner's petition for review included all three criminal cases. On October 28, 2013, the court of appeals dismissed the petition for review as untimely as it was "not filed within 30 days of the trial court's final decision."[7] (Doc. 21, Ex. LL.) The court noted that the "trial court may 'after being presented with proper evidence, allow a late filing,' if it finds that petitioner was not responsible for the untimely filing." (*Id*.) There is no record before the Court that Petitioner subsequently filed a petition or presented evidence to allow for a late filing.

### f.  Petitioner's Federal Habeas Petition

On December 9, 2014, Petitioner mailed his Petition. (Doc. 1 at 68.) On January 2, 2015, the instant Habeas Petition was filed, raising 61 grounds for relief.[8] (Doc. 1.) On June 19, 2015, Respondents filed a Limited Answer to the Petition. (Doc. 21.) On June 25, 2015, Petitioner filed a Reply. (Doc. 22.)

### III.   THE PETITION IS UNTIMELY.

The writ of habeas corpus affords relief to persons in custody pursuant to the

---

[5] The Court of Appeals issued its opinion in CR 2005–033017 on September 3, 2013.

[6] This Court assumes Petitioner is entitled to five additional days pursuant to Ariz. R. Crim. P. 1.3 (expanding time limits by five days after service by mail).

[7] The trial court dismissal is dated August 9, 2013, but it was electronically filed on August 13, 2013. (Doc. 21, Ex. JJ.) The Arizona Court of Appeals relied on the August 13, 2013 date. (Doc. 21, Ex. LL.)

[8] The Petition lists 62 Grounds, but Petitioner did not submit a Ground 58. (Doc 1.)

judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

### a. Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on September 3, 2013. (Doc. 21, Ex. R.) Petitioner then had 35 days to file a petition for discretionary review with the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court . . . ."); Ariz. R. Crim. P. 1.3 (expanding time limits by five days after service by mail); *State v. Rabun*, 162 Ariz. 261, 782 P.2d 737 (1989). Because Petitioner did not file a petition for review, the judgment became final on October 8, 2013. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . .").

This Petition was due on October 8, 2014, absent statutory or equitable tolling.

### b. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

On December 17, 2012, while his retrial was underway in this case (CR2005–033017), Petitioner filed a *pro se* PCR petition, challenging all three criminal cases, and raising 68 issues without citations to law or the record. (Doc. 21, Ex. GG.) On August 13, 2013, the trial court filed its order dismissing Petitioner's PCR petition. (Doc. 21, Ex. JJ.) Petitioner had 35 days to file a timely petition for review in the Arizona Court of Appeals, or until September 17, 2013, but he failed to do so. (Doc. 21, Ex. LL.) The one-year deadline to file a federal habeas will be tolled while "a properly filed application for State post-conviction . . . review . . . is pending." 28 U.S.C. § 2244(d)(2).

The statute of limitations was not tolled by Petitioner's October 16, 2013 "Appeal of Post-Conviction Relief." (Doc. 21, Ex. LL.) This filing was not a "properly filed" state action for post-conviction relief because it was untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Here, Petitioner's PCR review concluded on September 17, 2013, the deadline for a petition for review to the Arizona Court of Appeals. Because Petitioner's appeal was final on the later date of October 8, 2013, that is the date starting the one-year limitations period. Petitioner was required to file this Petition by October 8, 2014.

### c. Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply.

- 9 -

*Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Marcello*, 212 F.3d at 1010).

Here, Petitioner asserts equitable tolling should be granted because he "was never informed of [his] constitutional right to habeas corpus and therefore was not informed of the requirement or deadlines until [he] was informed by the Honorable Neil V. Wake in an Order to a motion [he] had filed for petition for Rule 32 PCR."[9] (Doc. 1 at 68.) In his Reply, Petitioner asserts that (1) he "does not have access to these records at this time to confirm or deny these claims" (of untimeliness and procedural default), and (2) "it was beyond his control as Petitioner was never notified of his rights to a writ of habeas corpus . . . and therefore could not have knowledge of requirement and procedures and deadlines." (Doc. 22 at 2.)

### i. Petitioner had access to records

Petitioner asserts that he "does not have access to these records at this time to confirm or deny these claims" of untimeliness and procedural default. (Doc. 22 at 2.) Although Petitioner is not claiming a lack of access to his files during the one-year filing period, the Court nonetheless considers this issue. The Court is mindful that the grounds for equitable tolling under § 2244(d) are highly fact-dependent and considered on a case-by-case basis. *See Holland v. Florida*, 560 U.S. 631 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). The information contained in this Petition was available to the

---

[9] *See Cook v. State*, 14-CV-00560-NVW-LOA, at Doc. 8 (April 15, 2014).

1   Petitioner in 2013 and 2014. Importantly, on October 16, 2013, Petitioner filed a *pro se*
2   appeal, which attached the 68 grounds for relief he previously filed in trial court.  (Doc.
3   21, Ex. KK.)   That appeal was filed within the one-year deadline for filing this Petition.
4   *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming conclusion that
5   "[b]ecause [Gaston] was capable of preparing and filing state court petitions [during the
6   limitations period], it appears that he was capable of preparing and filing a [federal]
7   petition during the [same time]"). Petitioner was certainly aware of the nature of his
8   claims and was able to file a Petition.  *See Waldron–Ramsey*, 556 F.3d at 1014 (stating
9   that petitioner "could have prepared a basic form habeas petition and filed it to satisfy the
10  AEDPA deadline"); *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (even
11  without access to his case file, petitioner must "at least consult his own memory of the
12  trial proceedings").  Petitioner had sufficient memory and documents to file a "basic form
13  habeas petition" within the deadline. Petitioner has not satisfied his burden of showing
14  that equitable tolling should apply because of a lack of access to documents.

15              **ii.   Petitioner's *pro se* status and ignorance of the law**

16         Petitioner asserts "it was beyond his control as Petitioner was never notified of his
17  rights to a writ of habeas corpus . . . and therefore could not have knowledge of
18  requirement and procedures and deadlines."  (Doc. 22 at 2.)   Almost six months prior to
19  the deadline, this Court advised Petitioner of the right to habeas review. On March 19,
20  2014, Petitioner filed "a *pro se* 'Motion to Request Extension of Time to File Post
21  Conviction Relief Review and to Request Appointment of Appellate Counsel." *See Cook*
22  *v. State*, 14-CV-00560-NVW-LOA, at Doc. 1 (March 19, 2014). On April 15, 2014, the
23  Court advised Petitioner that to "the extent Petitioner intends to seek habeas corpus relief
24  under 28 U.S.C. § 2254, he must file a Petition Under 28 U.S.C. § 2254 for a Writ of
25  Habeas Corpus by a Person in State Custody in a **new case**." *Cook v. State*, 14-CV-
26  00560-NVW-LOA, at Doc. 8 (April 15, 2014) (emphasis in original). Petitioner attached
27  this Order to his Petition. (Doc. 1, Ex. H.) The Petition was not due until October 8, 2014.
28         Petitioner's lack of knowledge of the habeas deadline does not warrant equitable

tolling. A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." *See Waldron–Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"), cert. denied, 558 U.S. 897 (2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). The Arizona Court of Appeals also advised Petitioner to submit grounds to justify his late filing of his petition for review of the PCR dismissal. (Doc. 21, Ex. LL.) Petitioner did not supply grounds to request equitable tolling for that late filing.

The Petition is untimely because it was not filed within the deadline established by 28 U.S.C. § 2244(d)(1). Absent equitable tolling or other exception, the Petition will be dismissed with prejudice, regardless of the margin of untimeliness. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (federal habeas petition submitted one day late was properly dismissed as untimely under AEDPA, noting that a "missed" deadline "is not grounds for equitable tolling"); *Hartz v. United States*, 419 Fed. Appx. 782, 783 (9th Cir. 2011) (unpublished) (affirming dismissal of federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day"); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) ("[w]e consistently have denied tolling even where the petition was only a few days late"); *United States v. Locke*, 471 U.S. 84, 100–01 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.").

## IV. EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Petitioner's claims, including equitable tolling, because the record is sufficiently developed to resolve this question. A habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003). An evidentiary hearing is not mandatory. "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). *See also*, *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming conclusion that "[b]ecause [Gaston] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]").

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of December, 2015.

Honorable John Z. Boyle
United States Magistrate Judge